IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


NIMER SHIHEIBER                                                    PLAINTIFF

vs.                              Civil No. 4:15-cv-04043

STREET & PERFORMANCE, INC.,
GRIFFIN THERMAL PRODUCTS, INC.
and GRIFFIN RADIATORS, INC.                                      DEFENDANTS


REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant, Street & Performance, Inc's Motion To Dismiss.  ECF No. 20.
Plaintiff filed a response to this motion.  ECF No. 22.  Pursuant to the provisions of 28 U.S.C. §
636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the
purpose of making a report and recommendation.  This Court, having reviewed the parties arguments
and briefing, recommends Defendant's Motion To Dismiss (ECF No. 20) be **DENIED.**

**1. Background**

On July 29, 2015, Plaintiff filed a Second Amended Complaint against Defendants wherein
Plaintiff alleges he invented and developed a self-contained automotive radiator prototype that was
forwarded to Defendant Street & Performance, Inc. for further development in March of 2014, who in
turn shipped the prototype in question to the Griffin Defendants, where it was subsequently lost while
in the custody and control of the Griffin Defendants.  ECF No. 14.  Plaintiff alleged causes of action
for negligence and conversion.  *Id.*

On August 14, 2015, Defendant Street & Performance, Inc, filed a Motion to Dismiss.  ECF.
No. 20.  Although not specifically designated as such, the court will construe this as a Motion to
Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In this

1

Motion, Defendant Street & Performance, Inc argues Plaintiff "failed to state any facts" that would show it was in any way negligent or liable to Plaintiff. *Id.* Defendant also alleges Plaintiff's damages fall below the necessary jurisdictional amount of $75,000.00. *Id.* Plaintiff responded to this motion on August 31, 2015. ECF No. 22.

## 2. <u>Applicable Law</u>

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must presume the alleged facts are true and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). The complaint must have a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

## 3. <u>Discussion</u>

### A. <u>Negligence</u>

Plaintiff alleges in his Second Amended Complaint a claim for Negligence. The elements of a negligence claim include the failure to exercise proper care in the performance of a legal duty, which

2

a defendant owes to a plaintiff under the circumstances presented. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2011 Ark. 44, 378 S.W.3d 109.

Here, the Second Amended Complaint states the Plaintiff shipped the prototype radiator to Defendant Street & Performance, who received it and  ultimately shipped it on to the Griffin Defendants.  Plaintiff asserts these facts and alleges the Defendants had a duty to use ordinary care to preserve and safeguard the radiator prototype while it was in their possession.  Plaintiff alleges the Defendants failed to use ordinary care in the handling of the radiator prototype, which resulted in it being lost.  ECF No. 14.  The Second Amended Complaint includes allegations of each element to establish negligence.

### B. Conversion

Plaintiff also alleges a claim for conversion.  To establish a claim of conversion, Plaintiff must prove Defendants wrongfully committed a distinct act of dominion over property of another, which is a denial of or inconsistent with the owner's rights. *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998).

Plaintiff's Second Amended Complaint alleges Defendants wrongfully possessed or disposed of Plaintiff's property and committed a distinct act of dominion over the property that was inconsistent with Plaintiff's ownership rights.  ECF No. 14.  As mentioned above, Plaintiff alleges he invented and developed a self-contained automotive radiator prototype that was forwarded to Defendant Street & Performance  for further development in March of 2014.  He alleges  Defendant Street & Performance in turn shipped the prototype in question to the Griffin Defendants, where it was subsequently lost while in the custody and control of the Griffin Defendants.  The Second Amended Complaint includes allegations of each element to establish conversion.

### C. Amount In Controversy

Finally,  Defendant  Street  &  Performance,  Inc  argues  Plaintiff's  damages  do  not  exceed

3

$75,000.00 and as such this court lacks jurisdiction based on 28 U.S.C. § 1332.  ECF No. 20.  This Court has jurisdiction if the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).  Defendant Street & Performance does not make any specific argument in this regard, rather it baldly states the damages are less than $75,000.00.

Plaintiff's Second Amended Complaint, alleges the radiator prototype was proprietary in nature, and has been exposed to a number of other people, some of whom might attempt to duplicate the prototype.  Further, Plaintiff alleges he has been forced to recreate the prototype from scratch at a cost in excess of $75,000.00.  In short, Plaintiff has met his burden of alleging the amount in controversy exceeds the jurisdictional minimum of this Court.

**4. Conclusion**

Based upon the foregoing, this Court recommends Defendant's  Motion to Dismiss (ECF No. 20) be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 7th day of January 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE