IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NIMER SHIHEIBER                                                                                    PLAINTIFF

V.                                        CASE NO. 4:15-CV-4043

STREET & PERFORMANCE, INC.,
*et al.*                                                                                            DEFENDANTS

## ORDER

Before the Court are Plaintiff's Motions in Limine labeled A through D.  ECF No. 35.  Defendants have responded.  ECF No. 39.  The matter is ripe for the Court's consideration.  The motion will be granted as follows:

A.      Plaintiff asks the Court to prohibit any reference that the parties engaged in settlement negotiations or any mention of statements made during settlement negotiations.  Plaintiff agrees that this subject should be prohibited and has also requested a motion in limine regarding this issue.  Accordingly, Plaintiff's Motion in Limine A is **GRANTED**.

B.      Plaintiff asks the Court to prohibit any reference to or argument regarding the failure to call any witness to testify who is equally available to all parties.  Defendants argue that the Court should not limit them from referencing or arguing the failure of Plaintiff to call witnesses should Defendants contend that Plaintiff has failed to submit adequate proof of his claim.

The Eighth Circuit has held that no inference is allowable to either party where the witness is equally available to both parties.  *Tyler v. White*, 811 F.2d 1204, 1207 (8th Cir. 1987).  "What is meant by 'equal availability' in this context is not merely that a witness is subject to

compulsory process, and thus available in a descriptive sense, but that he is of equal avail to both parties in the sense that he is not presumptively interested in the outcome." *Id.* In the present case, if a witness is equally available to both parties, the Court will not permit argument that any inference should be drawn from a party's failure to call a witness. Accordingly, Plaintiff's Motion in Limine B is **GRANTED** as to any inferences to be drawn from the failure to call a witness equally available to both parties.

Defendants, however, might be allowed to point out a lack of witnesses by Plaintiff to establish his claim, which is a different issue than what is the subject of Plaintiff's Motion in Limine B. *See Boardman v. Nat'l Med. Enter.*, 106 F.3d 840, 844 (8th Cir. 1997) ("We see no error in permitting defense counsel to point out that plaintiff lacked witnesses on the issue of negligence, a matter of obvious relevance and central importance to a determination of the case."). If a party desires to argue to the jury that the opposing party failed to call a witness, counsel should first consult the Court for a ruling regarding this issue.

C. Plaintiff asks the Court to exclude any reference to documents or information not produced to Plaintiff in response to discovery requests. Defendants state that they are not aware of any documents to which they intend to refer that have not been produced as part of discovery. Defendants argue that Plaintiff's motion in limine is vague and should be more specific as to what documents or information Plaintiff seeks to exclude. The Court notes that Defendants have requested a similar motion in limine asking the Court to exclude any attempt to introduce any document, photograph, table, chart, or any other demonstrative evidence not provided pursuant to formal discovery in this matter. The Court interprets Plaintiff's motion in limine in the same manner. Thus, Plaintiff's Motion in Limine C is **GRANTED** to the extent is seeks to exclude

from evidence any attempt to introduce any document, photograph, table, chart, or any other demonstrative evidence not provided pursuant to formal discovery in this matter.

   D. Plaintiff asks the Court to prohibit any reference to the filing of motions in limine or rulings associated with the motions.  Defendants agree with Plaintiff's request.  Accordingly, Plaintiff's Motion in Limine D is **GRANTED**.

   For reasons stated above, the Court finds that Defendants Motions in Limine Numbers A through D (ECF No. 35) should be and hereby are **GRANTED**.

   IT IS SO ORDERED, this 22nd day of July, 2016.

                /s/ Susan O. Hickey  
                Susan O. Hickey  
                United States District Judge