IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


NIMER SHIHEIBER                                                                              PLAINTIFF


V.                                           CASE NO. 4:15-CV-4043


STREET & PERFORMANCE, INC.,
*et al.*                                                                                     DEFENDANTS


# ORDER

Before the Court are Defendants' Motions in Limine Numbers 1 through 7. ECF No. 36. Plaintiff has responded. ECF No. 38. The matter is ripe for the Court's consideration. The motion will be granted in part and denied in part as follows:

1.     Defendants ask the Court to prohibit any reference to settlement negotiations of the parties and any mentions of statements made during settlement negotiations. Plaintiff agrees that this motion in limine should be granted. Accordingly, Defendants' Motion in Limine Number 1 is **GRANTED**.

2.     Defendants ask the Court to exclude any attempt to introduce any document, photograph, table, chart, or any other demonstrative evidence not provided pursuant to formal discovery in this matter. Plaintiff states that he agrees this evidence should be excluded, with one exception. Plaintiff states that he should be allowed to introduce photographs of the original radiator prototype at issue in this case, even though the original radiator prototype has not been produced during discovery. The complaint alleges that Plaintiff's original radiator prototype is missing and that Defendants either lost or converted the prototype. Thus, the Court will allow

Plaintiff to introduce photographs of the original radiator prototype.  Accordingly, Defendants' Motion in Limine Number 2 is **GRANTED IN PART and DENIED IN PART**.

       3.     Defendants ask the Court to exclude any claim for damages for pain and suffering, mental anguish, or any related type of damage because these damages have not been pled by Plaintiff.  Plaintiff argues that he has adequately pled damages pursuant to Federal Rule of Civil Procedure 8.  However, Rule 9(g) requires an item of special damage to be specifically stated.  Fed. R. Civ. P. 9(g).  The obligation to plead special damages with specificity is designed to alert the defending party to the nature of the claimed damages and guard against unfair surprise.  *Bowles v. Osmose Utilities Serv., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006).  In diversity cases, special damages are defined by the pertinent state's law.  *Carnell Constr. Corp. v. Danville Redevelopment & Housing Auth.*, 745 F.3d 703-725-26 (4th Cir. 2014).  In Arkansas, "special damages are those damages that do not automatically and necessarily flow from the wrong; rather, they arise from the particular circumstances of the case."  Howard W. Brill, *Arkansas Law of Damages*, § 4:1 at 52 (6th ed. 2014).

     In the present case, Plaintiff alleges that Defendants either lost or converted a radiator prototype that he had built and shipped to them for further development.  Generally, the measure of damages for conversion is the market value of the personal property at the time and place of the conversion.  *JAG Consulting v. Eubanks*, 72 S.W.3d 549, 553 (Ark. 2002).  Thus, the Court concludes that damages for mental anguish or emotional distress are not damages that necessarily flow from Defendants' alleged conversion of the prototype or negligence related to the shipping and handling of the prototype.  Under the circumstances of this case, damages for mental anguish or emotional distress are special damages that must be pled with specificity.  *See Blackard v. Hercules, Inc.*, 17 F. Supp. 3d 576, 580 (S.D. Miss. 2014) ("Damages for emotional

distress and mental anguish must be pled with specificity under Federal Rule of Civil Procedure 9(g)."). There is no explicit claim for mental anguish or emotional distress damages in Plaintiff's complaint. Keeping the purpose of Rule 9(g) in mind, the Court is not aware of any evidence in the record from which it could infer that Defendants were aware, or could have been expected to be aware, that Plaintiff had suffered these special damages. Accordingly, Defendants' Motion in Limine Number 3 is **GRANTED**.

4.    Defendants ask the Court to prohibit any mention of any allegations of theft, loss, or misappropriation of intellectual property unless and until such time as the Court has ruled that Plaintiff has a good faith basis for making such claim. Plaintiff agrees that this motion should be granted. Accordingly, Defendant's Motion in Limine Number 4 is **GRANTED**.

5.    Defendants ask the Court to exclude any reference by Plaintiff as to how long he spent traveling to and from his place of business to originally construct the prototype and/or to recreate the prototype. Plaintiff argues that the jury can consider "all evidence with respect to the fair market value of the prototype, including the value of Plaintiff's time and effort." ECF No. 38, ¶ 3. Plaintiff cites no law in support of this argument.

"Fair market value is defined as the price the personalty would bring between a willing seller and a willing buyer in the open market after negotiations." *JAG Consulting*, 72 S.W.3d at 553. "In determining the market value for converted property, purchase price, replacement cost, and rental price are not controlling standards, but they may be used as evidence to determine the market value." Howard W. Brill, *Arkansas Law of Damages*, § 33:7 at 772 (6th ed. 2014). The Court concludes that any evidence regarding Plaintiff's time and transit between his home and his place of business is not relevant to determining the fair market value of the prototype. Thus, Defendants Motion in Limine Number 5 is **GRANTED**.

6. Defendants ask the Court to exclude from evidence any statements of witnesses not identified and produced at trial and available to testify. Plaintiff agrees that this evidence should be excluded. Thus, Defendants' Motion in Limine Number 6 is **GRANTED.**

7. Defendants ask the Court to exclude from evidence any reference to any element of damage other than the fair market value of Plaintiff's alleged prototype. Plaintiff argues that expenses occurred as the result of a conversion can be a proper measure of damages. The Court stated earlier that, ordinarily, the measure of damages for conversion is the market value of the personal property at the time and place of the conversion. *JAG Consulting*, 72 S.W.3d at 553. However, the fair market value of the property is not the only measure of damages recoverable in an action for conversion. The circumstances of the case may require a different measure, including the expenses incurred as a result of the conversion. *First Nat'l Bank of Brinkley v. Frey*, 282 Ark. 339, 342 (1984). The Court does not know what evidence will be presented to support an award of damages in this case. Defendants' request to exclude from evidence any reference to a measure of damage other than fair market value is broad, and the Court is not prepared to rule on this issue without more information from the parties. Thus, Defendants' Motion in Limine Number 7 is **DENIED WITHOUT PREJUDICE** subject to renewal at the pretrial conference or during trial.

For reasons stated above, the Court finds that Defendants' Motions in Limine Numbers 1 through 7 (ECF No. 36) should be and hereby are **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED, this 22nd day of July, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

4