IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NIMER SHIHEIBER                                                                PLAINTIFF

v.                                          Case No. 4:15-cv-4043

STREET & PERFORMANCE, INC. and
GRIFFIN THERMAL PRODUCTS, INC.                                    DEFENDANTS

**ORDER**

Before the Court is a Motion for a New Trial or Remittitur filed by Separate Defendant Griffin Thermal Products, Inc. ("Griffin").  ECF No. 47.  Plaintiff has responded to the motion. ECF No. 50.  The motion is ripe for the Court's consideration.

Plaintiff, Nimer Shiheiber, filed this action against Defendants alleging claims of conversion and negligence.  Plaintiff alleged that he invented and developed a self-contained automotive radiator prototype and shipped it to Separate Defendant Street & Performance, Inc. ("S&P"), for further development.  Plaintiff further alleged that, without informing him, S&P forwarded the radiator prototype to Griffin, and the prototype was lost while in Griffin's custody and control.

This case proceeded to the jury on the conversion claim against both Griffin and S&P. On the claim against S&P, the jury returned a verdict in favor of S&P.  On the claim against Griffin, the jury returned a verdict in favor of Plaintiff and awarded him actual damages in the amount of $63,000.00.  Griffin argues that the jury's damage award of $63,000.00 is not supported by substantial evidence in the record.  Thus, pursuant to Federal Rule of Civil Procedure 59, Griffin moves the Court for a new trial on the issue of damages.[1]

---

[1] In the alternative, Griffin moves the Court to remit the damage award.

Under Federal Rule of Civil Procedure 59(a)(1)(A), the Court "may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  A motion for new trial should only be granted if "the verdict is against the weight of the evidence and . . . allowing it to stand would result in a miscarriage of justice."  *The Shaw Grp., Inc. v. Marcum*, 516 F.3d 1061, 1067 (8th Cir. 2008) (citing *Murphy v. Mo. Dep't. of Corr.,* 506 F.3d 1111, 1116 (8th Cir. 2007)). When determining whether a jury's verdict is against the weight of the evidence, a district court may rely on its own reading of the evidence.  *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992). A court may weigh the evidence, disbelieve witnesses, and grant a new trial even if there is substantial evidence to sustain the verdict.  *Id.*  "The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court."  *Tedder v. Am. Railcar Indus., Inc.*, 739 F.3d 1104, 1110 (8th Cir. 2014) (internal quotation omitted).

Griffin argues that the evidence in the record does not support the jury's damage award of $63,000.00.  The Court instructed the jury that the measure of damages was the fair market value of the radiator prototype at the time of its conversion.  The fair market value was defined, in the Court's jury instructions, as "the price that the radiator prototype would bring on the open market in a sale between a seller who is willing to sell and a buyer who is willing and able to buy after a reasonable opportunity for negotiations."  AMI 2221.

At trial, Plaintiff testified that he had not yet attempted to sell the radiator prototype but that, if an offer was made, he would not have accepted less than one million dollars given the new and unique concepts incorporated into the prototype.  Plaintiff further testified that, in his opinion as an experienced mechanic and machinist, the fair market value of the radiator prototype at the time of its conversion was one million dollars.  This valuation, according to

Plaintiff's testimony, was based in part on some future attempt to market and sell a completed radiator prototype.  Griffin, on the other hand, presented the testimony of its representative, Thomas Knottek, who stated that, in his opinion, there was no real market for Plaintiff's radiator prototype.  Griffin submitted into evidence a shipping form in which Plaintiff had declared the value of the prototype to be $100.00 at the time he shipped it to S&P.  The jury was presented with photographs of the radiator prototype, and there was testimony that the prototype was incomplete at the time it was shipped to S&P.

Griffin argued at trial that, at most, the fair market value of the prototype was a few hundred dollars.  Plaintiff, however, argued that it was worth one million dollars.  There is no evidence in the record that would suggest the fair market value of the radiator prototype was $63,000.00 at the time of its conversion.  Thus, it appears to the Court that the jury "pulled out of the air" its award of $63,000.00.  *See Tedder*, 739 F.3d at 1112 (finding persuasive the district court's conclusion that the jury "pulled out of the air" its damage award where no specific basis for the award was provided).  Further, Plaintiff does not provide any specific basis for the jury's damage award of $63,000.00.

Accordingly, the Court concludes that the evidence does not support the jury's damage award of $63,000.00 and finds that Griffin's Motion for New Trial or Remittitur (ECF No. 47) should be and hereby is **GRANTED**.  The Court orders a new trial on the issue of damages.

**IT IS SO ORDERED**, this 6th day of February, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge