IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

NIMER SHIHEIBER                                                                                         PLAINTIFF

v.                                                  Case No. 4:15-cv-4043

GRIFFIN THERMAL PRODUCTS, INC.                                                        DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion for Judgment as a Matter of Law and, Alternatively, for New Trial on Damages. (ECF No. 77). Defendant has filed a response in opposition. (ECF No. 78). Plaintiff has filed a reply. (ECF No. 79). The Court finds this matter ripe for consideration.

## BACKGROUND

This case originated as a negligence and conversion action. Plaintiff is a mechanic and inventor who constructed a cardboard mockup of a new automotive radiator design. Defendant is in the business of buying, selling, and manufacturing automotive radiators. Plaintiff shipped the mockup prototype to Defendant with the intention that Defendant fabricate a radiator based on Plaintiff's design. Defendant admits that it received then subsequently lost Plaintiff's cardboard mockup.

The trial in this matter was held on July 25, 2016. At trial, Plaintiff argued that the fair market value of his prototype was at least several hundred thousand, if not millions of dollars.[1] Meanwhile, Defendant contended that the cardboard prototype, by virtue of being constructed of

---

[1] Plaintiff has repeatedly conflated the fair market value of the actual lost prototype with any value his design has as intellectual property. The Court notes that Plaintiff has not actually lost any idea or concept, but rather, a cardboard and tape mockup of a new potential radiator design.

cardboard, was essentially worthless.[2]  On July 26, 2016, the jury awarded Plaintiff $1.00 in nominal damages and $63,000.00 in compensatory damages.

On August 19, 2016, Defendant filed its Motion for a New Trial or Remittitur, arguing that there was not substantial evidence on which a jury could base an award of $63,000.00.  The Court found that there was no evidence to support an award of $63,000.00 because Plaintiff had argued for a much higher amount and Defendant had argued that the prototype had little to no value.  Accordingly, the Court granted Defendant's motion and ordered a new trial on damages.

A second trial on damages was held on February 21, 2018.  Plaintiff and Defendant made similar arguments as to the fair market value of the prototype.  After deliberation, the jury awarded Plaintiff $100.00 in damages.

On March 9, 2018, Plaintiff filed the instant motion, arguing that he is entitled to judgment as a matter of law, or in the alternative, a new trial on damages because Defendant failed to introduce any "competent evidence" of the prototype's value and because the Court erred on several evidentiary rulings.  (ECF No. 77, pp. 3-7).  Defendant opposes the motion.

## DISCUSSION

The Court now addresses whether Plaintiff is entitled to judgment as a matter of law or, alternatively, to a new trial on damages.

### I. Whether Plaintiff is Entitled to Judgement as a Matter of Law or Alternatively to a New Trial on Damages

Judgment as a matter of law is appropriate when "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).  Post-verdict judgment as a matter of law is appropriate only where the evidence

---

[2] Damages in a conversion action are the fair market value of the converted property. *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 250, 961 S.W.2d 729, 733 (1998).

is entirely insufficient to support the verdict. *Belk v. City of Eldon*, 228 F.3d 872, 877-78 (8th Cir. 2000). Moreover, a new trial should be only granted to avoid a "miscarriage of justice." *Id.*

### A. Judgment as a Matter of Law

Plaintiff argues that he is entitled to judgement as a matter of law because Defendant did not produce any "competent evidence" of the prototype's fair market value at trial. Specifically, Plaintiff argues that Defendant's witness was not qualified to estimate the value of the prototype because the witness did not buy or sell prototypes and only dealt in finished products. Plaintiff further contends that the jury's award was improperly based on evidence that Plaintiff declared that the prototype was worth $100.00 when Plaintiff declined to purchase shipping insurance from the United Parcel Service ("UPS").

Defendant counters that the jury, as the trier of fact, was free to give the appropriate weight to witness testimony. Defendant also responds that Plaintiff has brought forward no authority showing that the jury should not have been allowed to consider Plaintiff's declaration on the shipping insurance form and that facts about shipping insurance were in evidence when the jury reached its verdict.

Upon consideration, the Court agrees with Defendant. The jury heard testimony from both the Plaintiff and the Defendant's witness as to the fair market value of the prototype. Defendant established that its witness had been in the radiator business for several years, and the witness then testified that the prototype radiator had no fair market value other than the value of the salvaged materials. It was for the jury, as the trier of fact, to decide how much weight to give to the witness' credentials and testimony. Regarding Plaintiff's UPS insurance argument, Plaintiff has cited no binding authority, and the Court is unaware of any authority, providing that the jury should not have been allowed to consider how much Plaintiff declared the prototype was worth when he

declined to take out shipping insurance with UPS. Moreover, all of the facts about shipping insurance and the $100.00 declaration were in evidence and properly before the jury. Therefore, the jury had sufficient evidence to reach its verdict that Plaintiff's prototype was worth $100.00. Accordingly, Plaintiff is not entitled to judgment as a matter of law.

### B. New Trial on Damages

Plaintiff also contends that the Court made erroneous evidentiary rulings that warrant a new trial on damages. Specifically, Plaintiff argues that the Court erred when it: (1) did not allow evidence about patents and intellectual property when Defendant opened the door to these lines of questioning; (2) prohibited Plaintiff from mentioning patents and using a completed radiator constructed of aluminum as a demonstrative exhibit at trial; and (3) "made it easy" for Defendant to argue that the prototype was simply a cardboard box. (ECF No. 77).

The Court has reviewed the rulings made on motions in limine and the evidentiary rulings made at trial. Upon review, the Court finds that Defendant did not open the door to lines of questioning about patents or intellectual property. Additionally, evidence of patents, intellectual property, and of the completed aluminum prototype would have only served to confuse and mislead the jury about the nature of this case and what the prototype was worth at the time of conversion.[3] Finally, as to Plaintiff's contention that the Court "made it easy" for Defendant to argue that the prototype was simply a cardboard box, the evidence in this case clearly demonstrated that prototype was exactly that—a mockup made out of cardboard and tape. Therefore, the Court finds that no miscarriage of justice has occurred, and that Plaintiff is not entitled to a new trial.

---

[3] The Court again notes that this was an action for conversion and negligence, not an intellectual property dispute.

4

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Judgment as a Matter of Law and, Alternatively, for New Trial on Damages (ECF No. 77) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 19th day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge